588 A.2d 103

Girard PETULA, Appellant,

v.

James MELLODY, Superintendent, the Delaware Valley School District, Roger Lewis, Superintendent and the Montrose Area School District, Appellees.

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1990.

Decided March 11, 1991.

412

Peter G. Loftus, Scranton, for appellant.

Paul A. Barrett, with him, Irwin Schneider, O'Malley, Harris & Schneider, P.C., and Michael S. Cosgrove, with him, James A. Kelly, Scranton, for appellees.

Before CRAIG, President Judge, KELLEY, J., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Girard Petula (appellant) initiated this defamation action against James Mellody, Superintendent of Delaware Valley School District; Delaware Valley School District; Roger Lewis, Superintendent of Montrose Area School District; and, Montrose Area School District (appellees). By order dated October 12, 1989, the Wyoming County Court of Common Pleas (trial court) sustained appellees' preliminary objection in the nature of a demurrer to counts I and II of appellant's second amended complaint.

Appellant now seeks our review, contending that the trial court erred in dismissing counts I and II, which counts aver libel, slander and conspiracy to commit slander.[1] Appellees, by contrast, assert that counts I and II fail to state causes of action for which relief may be granted because they lack the requisite specificity and, in the alternative, the statements set forth, and/or referred to, therein are not defamatory as a matter of law.[2] Having reviewed the record and relevant law, we will affirm in part and reverse in part and remand.

Appellant performed in an administrative capacity for both the Delaware Valley and Montrose Area School Districts. He voluntarily left both positions to secure better employment. In seeking such employment, he was required to identify the places of his former employment and his immediate supervisors; namely, appellees. Second amended complaint, paragraphs 7–9.

1. Appellant erroneously filed the instant appeal with the Superior Court on November 6, 1989. Thereafter, the matter was transferred to our court pursuant to Pa.R.A.P. 751 which requires us to treat the appeal as if originally filed in our court as of November 6, 1989. Accordingly, appellant's appeal is timely, having been filed within 30 days of the entry of the trial court's order. Pa.R.A.P. 903.

2. Appellees also appear to raise certain affirmative defenses which we will not address herein because such defenses have not yet been properly pled in a responsive pleading under the heading "New Matter" as required by Pa.R.C.P. No. 1030. *See also Gordon v. Lancaster Osteopathic Hospital Association, Inc.,* 340 Pa.Superior Ct. 253, 262 n. 3, 489 A.2d 1364, 1369 n. 3 (1985).

Certain statements allegedly made by appellees Mellody and Lewis to over 100 potential employers,[3] some of whom are named in the second amended complaint, form the crux of appellant's defamation action. Paragraph 12 of appellant's second amended complaint reads as follows:

The defendant Mellody informed representatives and board members of St. Michael's, Wyoming Valley West and other potential school district employers that:

(a) The Plaintiff [appellant] never made a commitment to stay at Delaware Valley.

(b) The Plaintiff did not meet his obligations while being employed at the District.

(c) The Plaintiff was difficult to deal with.

(d) The Plaintiff and his family could not cut the strings because of their strong ties to their home area and made no effort to relocate.

(e) The Plaintiff had many personal problems.

(f) The Plaintiff had trouble getting along with other administrators because he was physically present but emotionally absent.

(g) The Plaintiff once missed an important school board meeting while 'he was back home campaigning for a friend who was running for school board.'

(h) The persons who had recommended the Plaintiff to the Delaware Valley School District had since apologized to them for the Plaintiff's behavior.

Likewise, paragraph 15 of appellant's second amended complaint avers that:

Lewis had informed representatives and board members of St. Michael's, Wyoming Valley West and other potential school districts [sic] employers that:

(a) The Plaintiff was never available to do the type of things administrators were required to do in his district;

(b) The Plaintiff had different types of personalities;

(c) The Plaintiff was an office principal more cerebral and preferred to do everything in writing;

3. Second amended complaint, paragraph 27.

(d) The Plaintiff was an 'overkill' administrator;

(e) He would not hire the Plaintiff for an administrative position nor recommend him for such.

In concluding that the above-noted statements are not defamatory, the trial court reasoned that

most of the statements are 'pure' opinion; those statements which are not pure opinion do not imply the existence of facts which are, or may be construed to be, defamatory. None are capable of a meaning which would blacken his character or hold him up to public ridicule.

*Petula v. Mellody* (No. 89–382, filed October 12, 1989), slip op. at 3. In accordance therewith, the trial court sustained appellees' demurrer to counts I and II of appellant's second amended complaint.[4]

When reviewing a trial court order sustaining a preliminary objection in the nature of a demurrer, we are limited to determining whether or not the trial court abused its discretion or committed an error of law. *Rok v. Flaherty*, 106 Pa.Commonwealth Ct. 570, 527 A.2d 211 (1987). Because a demurrer tests a complaint's legal sufficiency, the only issue presented is whether or not the complaint's factual allegations, if ultimately proven, are sufficient to entitle the plaintiff to relief. *Gordon v. Lancaster Osteopathic Hospital Association, Inc.*, 340 Pa.Superior Ct. 253, 489 A.2d 1364 (1985); *Raneri v. DePolo*, 65 Pa.Commonwealth Ct. 183, 441 A.2d 1373 (1982).

A demurrer admits as true all well-pleaded material facts as well as inferences reasonably deducible therefrom, *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976); *Raneri*, and should not be sustained unless it is clear that the law

4. Counts I and II aver, *inter alia,* that appellees libeled and slandered appellant by causing "to be published and spoken derogative [sic], untruthful and malicious statements" and that appellees, "jointly and in concert, unlawfully, wickedly and maliciously, [sic] conspired ... to injure [appellant], to damage him in his said profession, to deprive him of employment, to defame his character and to subject him to great loss" through "recommendations, evaluations, etc., which they knew or should have known constituted slander and libel." Second amended complaint, paragraphs 22, 25–26.

will not permit the relief sought. *Firing.* Any doubts must be resolved in favor of overruling the demurrer. *Id.*

■ In response to appellees' first assertion that counts I and II do not state causes of action upon which relief may be granted for failure to allege the essential elements of defamation and conspiracy to defame with sufficient specificity, we initially note that a defamatory action must generally allege

(1) the defamatory character of the communication,

(2) publication of the communication to a third party,

(3) that the communication refers to the plaintiff,

(4) the third party's understanding of the communication's defamatory character and

(5) injury.

*Walder v. Lobel,* 339 Pa.Superior Ct. 203, 488 A.2d 622 (1985); *Raneri.* Having reviewed the second amended complaint, we find these elements sufficiently pled. Appellees, however, claim that appellant failed to set forth both the specific content of the allegedly defamatory statements and to whom they were made.[5]

■ Quite clearly, paragraphs 12 and 15 of appellant's amended complaint more than adequately set forth the contents of the allegedly defamatory statements. Similarly, although the second amended complaint fails to identify by name the third persons to whom the allegedly defamatory statements were made, paragraphs 12 and 15 aver that the statements were made to "representatives and board members" of certain named school districts. While it would have been preferable to identify the third parties by name, the identification of the third parties here, in our opinion, is not so vague so as to warrant sustaining a demurrer. *Contrast Raneri* where we found that a count failed to

---

5. Appellees also apparently assert that appellant failed to sufficiently set forth the times of the alleged defamatory utterances in question. The times when the statements were uttered would appear relevant primarily for statute of limitations purposes which is not an issue before us. In any event, appellant does allege the general time frame in which the statements were uttered.

allege with sufficient particularity the identity of the persons to whom the communications were made because it merely averred that the communications were published "to third persons." Accordingly, we decline to conclude that count I could have been dismissed for failure to sufficiently allege the essential elements of a defamation cause of action.

However, we find the allegations of count II insufficient to state a cause of action for conspiracy to defame. To state a cause of action for civil conspiracy, a complaint must allege that two or more persons combined or agreed to commit an unlawful act or to do an otherwise lawful act by unlawful means. *Burnside v. Abbott Laboratories*, 351 Pa.Superior Ct. 264, 505 A.2d 973 (1985). Proof of malice, an intent to injure, is also essential. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979); *Burnside.* A civil conspiracy becomes actionable when some overt act is performed in pursuance of the common purpose or design held by the conspirators and actual damage results. *Baker v. Rangos*, 229 Pa.Superior Ct. 333, 324 A.2d 498 (1974).

Taking all facts pled in appellant's second amended complaint as true, appellant has sufficiently alleged, as will appear hereinafter, that appellees defamed him, which conduct constitutes an unlawful act. Appellant has also sufficiently alleged malice and overt acts as well as actual damage.

As to whether appellees Mellody and Lewis acted in concert or entered into an agreement, however, appellant merely alleges that they did so, but fails to set forth any supporting facts such as meetings, conferences, telephone calls or joint signatures on written recommendations sent to potential employers to indicate a conspiracy. Nor does appellant allege facts inferring conspiratorial conduct. *Contrast Commonwealth v. Musser Forests, Inc.*, 394 Pa. 205, 146 A.2d 714 (1958) and *Baker* where facts are set forth indicating joint activities. *Compare Landau v. West-*

*ern Pennsylvania National Bank,* 445 Pa. 217, 282 A.2d 335 (1971).

Although appellant has clearly pled parallel conduct by appellees Mellody and Lewis, such conduct alone is insufficient to establish a civil conspiracy just as bald assertions thereof are insufficient. *Burnside.* "The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." *Thompson Coal Co.,* 488 Pa. at 212, 412 A.2d at 473. For this reason, we find, albeit on a different basis than that used by the trial court, that the demurrer to count II was properly sustained and the count was properly dismissed for failure to sufficiently set forth all elements necessary to a cause of action for civil conspiracy to defame as required by Pa.R.C.P. No. 1019(a).

As previously noted, the trial judge actually sustained appellees' demurrer because he found the statements set forth in paragraphs 12 and 15 of appellant's second amended complaint, upon which both counts I and II rely, to be incapable of a defamatory meaning. The threshold issue, of course, in a defamation action is whether or not the communication in question is capable of a defamatory meaning. *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 273 A.2d 899 (1971); *Goralski v. Pizzimenti,* 115 Pa.Commonwealth Ct. 210, 540 A.2d 595 (1988).

Counts alleging defamation should not be dismissed on the basis of a preliminary objection in the nature of demurrer unless it is clear that the communication is incapable of a defamatory meaning. *Gordon.* Whether a communication is capable of a defamatory meaning is for the court to determine in the first instance. *Corabi.* However, if the court concludes that the communication could be construed as defamatory, then the final determination is for the jury. *Id.*

Communications are defamatory if they tend to harm an individual's reputation in such a way as to lower that individual in the eyes of the community or to discour-

age third persons from associating or dealing with him or her. *Corabi.* Such repercussions may flow from communications falsely ascribing conduct, character or a condition to another that adversely affects his or her professional fitness. *Baker v. Lafayette College,* 350 Pa.Superior Ct. 68, 504 A.2d 247 (1986), *aff'd,* 516 Pa. 291, 532 A.2d 399 (1987). The test is the effect the allegedly false and defamatory communication is fairly calculated to produce and the impression it would naturally engender in the minds of those among whom it was intended to circulate. *Beckman v. Dunn,* 276 Pa.Superior Ct. 527, 419 A.2d 583 (1980).

■ Evaluations of employment performance, of course, necessarily include subjective elements. *See Beckman.* Opinion, without more, is not actionable. *Id.*

This, however, does not mean that there is "a wholesale defamation exemption for anything that might be labeled 'opinion.'" *Milkovich v. Lorain Journal Co.,* —— U.S. ——, ——, 110 S.Ct. 2695, 2705, 111 L.Ed.2d 1 (1990). "[E]xpressions of 'opinion' may often imply an assertion of objective fact." *Id.* at ——, 110 S.Ct. at 2705.

A defamatory communication may thus consist of a statement in the form of an opinion and is actionable if it implies an allegation of undisclosed defamatory facts as the basis therefor. *Goralski.* In *Redco Corp. v. CBS, Inc.,* 758 F.2d 970, 972 (3rd Cir.1985), *cert. denied,* 474 U.S. 843, 106 S.Ct. 131, 88 L.Ed.2d 107 (1985), cited by this Court in *Goralski,* the Third Circuit explained:

Although there may be no such thing as a false opinion, an opinion which is unfounded reveals its lack of merit when the opinion-holder discloses the factual basis [therefor] ... If the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject [the proffered opinion] on the basis of an independent evaluation of the facts. However, if the opinion is stated in a manner that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion.

Likewise, in *Milkovich,* Chief Justice Rehnquist recognized that:

> [when] a speaker says, 'In my opinion John Jones is a liar,' he [or she] implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he [or she] bases his [or her] opinion, if those facts are either incorrect or incomplete, or if his [or her] assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, 'In my opinion Jones is a liar,' can cause as much damage to reputation as the statement, 'Jones is a liar.' ... It is worthy of note that at common law, even the privilege of fair comment did not extend to 'a false statement of fact, whether it was expressly stated or implied from an expression of opinion.' (Citation omitted.)

*Id.* at ——, 110 S.Ct. at 2705–2706.

In applying the law to the case before us, we must, of course, accept as true appellant's well-pleaded factual averments and reasonable inferences deducible therefrom for purposes of determining whether or not the trial court erred in sustaining appellees' demurrer to count I. Our review of the statements in question indicates that some of them simply cannot be characterized as "pure" opinion. *E.g.,* the statements set forth in the second amended complaint at subsections (a), (b), (d), (e), (f) (first part), (g) and (h) of paragraph 12 and subsection (a) of paragraph 15, in our view, profess to report as fact, the falsity of which must be presumed for purposes of this appeal, that appellant was not a committed school administrator, failed to properly perform his employment obligations, experienced many personal problems, had poor rapport with other administrators and that those who had recommended appellant apologized.

Moreover, some of these "factual" statements, in our opinion, are capable of a defamatory meaning, particularly

when we provide appellant the benefit of the reasonable inferences to which he is entitled. Surely they could be understood to suggest that appellant's attitude and work performance made him an undesirable candidate for an administrative position since unfit to perform in that capacity. So understood, these statements certainly have the potential to impair appellant's professional reputation and would naturally tend to discourage potential employers, to whom the statements were allegedly communicated, from hiring appellant.

Likewise, the statements set forth in appellant's second amended complaint at subsection (f) (second part) of paragraph 12 and subsection (b) of paragraph 15, *e.g.*, in our view, are statements in the form of opinions which imply that such opinions draw upon unstated facts, presumed false, thereby precluding independent evaluation of the soundness of the opinions. Such expressions of opinion also tend to imply that they are based on defamatory facts inasmuch as the opinions may be understood as suggesting some degree of emotional and/or mental instability, thereby casting an aspersion upon appellant's personal and professional competency and fitness, which, quite clearly, would naturally tend to discourage potential school district employers from hiring appellant as an administrator.

Accordingly, we cannot state with certainty that all of the statements in question are incapable of a defamatory meaning. We therefore find that the trial court erred in sustaining appellees' demurrer to count I and in dismissing that count on the basis that the statements in question are incapable of a defamatory meaning.

For the foregoing reasons, the trial court's order is affirmed in part and reversed in part and this matter is remanded for proceedings consistent herewith.

## ORDER

AND NOW, this 11th day of March, 1991, the order of the Court of Common Pleas of Wyoming County, at No. 89–

382, dated October 12, 1989, is affirmed as to the dismissal of count II of Girard Petula's second amended complaint and reversed as to the dismissal of count I of said complaint. The above-captioned case is hereby remanded for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.