**Richard G. SUPPAN, Appellant,**

v.

**Paul KRATZER, Mayor, Thomas Reenock and Borough of Northampton.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1995.

Decided June 13, 1995.

---

Richard J. Orloski, for appellant.

Frederick C. Horn, for appellees.

Before PELLEGRINI and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

In this action alleging defamation and breach of a right of confidence, Richard J. Suppan (Suppan) appeals from the order of the Court of Common Pleas of Northampton County (trial court) sustaining the preliminary objections of defendants Paul Kratzer [sic] (Kutzler), Mayor of Northampton Borough, Thomas Reenock (Reenock), Northampton Borough Council President and Borough of Northampton (Borough). The trial court sustained the preliminary objections on the basis of the defendants' immunity from

suit pursuant to Section 8550 of the Judicial Code, 42 Pa.C.S. § 8550. We affirm.

### Facts

In a complaint filed on or about October 14, 1993, Suppan averred that on June 1, 1992, he sat for a written service test for a position as a police officer in Northampton Borough with an understanding that his application was to be confidential. He further averred that on June 12, 1992, after successfully completing the written exam, he took an oral exam and received an aggregate score and final ranking of number one on the civil service eligibility list.

Suppan further avers that Kutzler and Reenock intentionally defamed him to third parties in order to justify not hiring him. In paragraph eleven of Count I of his complaint, Suppan alleges as follows:

> 11. Between June 27, 1992 and September 30, 1992, the Defendants, Kratzer [sic] and Reenock, falsely claimed that the Plaintiff was a "lunatic", and knowingly, intentionally and falsely told numerous third parties, including police officers of the Northampton Police Department that Plaintiff 'flunked a psychological exam.'

(Suppan's Complaint, R.R. at 15a.)

Suppan further avers that Defendants Kutzler and Reenock were acting outside the scope of their authority and were guilty of willful misconduct.

Additionally, Suppan avers in Count II that the Borough breached a duty of confidentiality owed to him by releasing information to the public concerning his application for employment with the Northampton Borough Police Department:

> 17. At all relevant times, the Plaintiff was guaranteed a right to confidentiality concerning his employment application process for the job of police officer with the Defendant, Borough of Northampton.

18. At all relevant times, Plaintiff was duly employed as a police officer with the Allentown Police Department, and he relied upon the explicit, and implicit, guarantees that the Defendant, Borough of Northampton, could not divulge the fact that he was applying for a position with the Northampton Police Department in order to keep his professional and career options open with the Allentown Police Department.

. . . .

> 20. On or about August 2, 1993, the Defendant, Borough of Northampton, acting through its agents, servants, and employees within the scope of their authority, announced to Todd Miller, a reporter for the Morning Call, that 1) Richard Suppan was a top finalist for the job of patrolman with the Defendant; 2) that Richard Suppan who was a top finalist was already employed as a police officer with the Allentown Police Department; and 3) that Richard Suppan who was the Allentown police officer was formerly a detective with the Allentown police department.

. . . .

> 22. Although the defendant, Borough of Northampton, released this information to the press, and said information was not defamatory, the Defendant, Borough of Northampton, breached its duty of confidentiality to Plaintiff, and released information that Defendant was obligated not to publish to third parties.

(Suppan's Complaint, R.R. at 16–17a.)[1]

In response to Suppan's complaint, Defendants filed preliminary objections alleging that Suppan's complaint failed to conform with law or rule of court, failed to state a cause of action upon which relief may be granted and failed to specifically allege the information required to prepare a proper defense.[2]

---

1. We note that Suppan does not allege who specifically released this information to the newspaper reporter. However, the article attached as an exhibit to the complaint does reveal its source as Northampton Borough Manager Gene Zarayko.

2. We note that Pa.R.C.P. No. 1030 requires that all affirmative defenses, including privilege and immunity from suit, shall be pleaded in a responsive pleading under the heading "New Matter." This Court has held, however, that immunity may be raised in preliminary objections where, as here, the defense appears on the face of the

The trial court concluded that the Borough was immune from suit under Sections 8541 and 8542 of the Code. Section 8541 provides as follows:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa.C.S. § 8541. Section 8542 enumerates exceptions to this general rule. The trial court noted that actions for defamation and breach of confidentiality are not among those enumerated exceptions.

The trial court further concluded that Defendants Kutzler and Reenock are immune from suit pursuant to Section 8545 of the Code, which provides as follows:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

42 Pa.C.S. § 8545. The trial court concluded that Kutzler and Reenock acted within the parameters of their official duties and, therefore, are immune from suit.

Finally, the trial court determined that the Borough owed Suppan no duty of confidentiality regarding his application for employment and that Suppan failed to aver with specificity the substance of the alleged guarantee of confidentiality made to him by a Borough employee.

### Discussion

When reviewing a trial court order sustaining preliminary objections in the nature of a demurrer, this Court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. A demurrer should not be sustained unless it is clear that the law will not permit the relief sought. *Petula v. Mellody,* 138 Pa.Commonwealth Ct. 411, 588 A.2d 103 (1991).

### A. Count I—Defamation

Suppan argues that he properly stated a cause of action because, in Count I, he averred that the actions of Kutzler and Reenock in defaming him constituted willful misconduct. Employees of local agencies are not immune from suit under the Code for actions which constitute willful misconduct. 42 Pa.C.S. § 8542(a)(2).

Suppan does not aver, however, to whom Defendants Kutzler and Reenock made the allegedly defamatory remark that Suppan is a "lunatic." A necessary element of a defamation action is publication or communication to a third party.[3] If Suppan does not allege to whom the allegedly defamatory statement was published, he has not properly alleged defamation. An allegation which merely avers that the alleged defamatory statement was published to a third person is defective. *Raneri v. DePolo,* 65 Pa.Commonwealth Ct. 183, 441 A.2d 1373 (1982).

Under the five-part *Petula* standard in footnote 3, Suppan has, however, properly alleged the identity of the third parties to whom the Defendants made the comment that he flunked a psychological exam, i.e. Northampton police officers. We, therefore,

---

complaint under attack and the opposing party has not filed preliminary objections to the preliminary objections raising privilege and immunity from suit, i.e. the opposing party has waived the procedural defect. *Factor v. Goode,* 149 Pa.Commonwealth Ct. 81, 84 n. 2, 612 A.2d 591, 592 n. 2 (1992), *petition for allowance of appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993); *Gallagher v. City of Philadelphia,* 142 Pa.Commonwealth Ct. 487, 597 A.2d 747 (1991); *Wurth v. City of Philadelphia,* 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990).

**3.** A defamatory action must generally allege:

(1) the defamatory character of the communication,
(2) publication of the communication to a third party,
(3) that the communication refers to the plaintiff,
(4) the third party's understanding of the communication's defamatory character, and
(5) injury.

*Petula.*

must determine whether the comment about the psychological exam is privileged.

■ In their preliminary objections to Count I, Defendants contend that they are immune from suit under the Code. As stated above, the individual Defendants are not immune under the Code if their actions constituted willful misconduct, as pleaded by Suppan. They may, nevertheless, still be entitled to invoke the common law privilege afforded high public officials. Officials, such as mayors and borough council presidents, enjoy an *absolute* privilege against liability for making allegedly defamatory remarks within the scope of their authority and this privilege applies even if there is no statutory immunity under the Code. *Factor v. Goode,* 149 Pa.Commonwealth Ct. 81, 612 A.2d 591 (1992), *petition for allowance of appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993).

*Factor* involved the issue of whether the Mayor and Revenue Commissioner of Philadelphia were entitled to an absolute privilege against liability for making allegedly defamatory remarks against the plaintiffs. At a press conference, Mayor Goode and Commissioner Weiss described twenty Philadelphia property owners as "deadbeats" and "tax cheats" who think that "they're above the law." The plaintiffs, two of the twenty property owners named, filed a complaint against the Mayor and the Commissioner. The Mayor and Commissioner filed preliminary objections demurring to the complaint and raising the defense of privilege and immunity. The trial court sustained the preliminary objections and, relying upon *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A.2d 100 (1958), held that the Mayor and Commissioner had an absolute privilege against liability for the statements because they were "high public officials" whose statements were made "within the scope of their authority."

We affirmed the trial court's order sustaining the preliminary objections and stated:

It has long been the law in this Commonwealth that high public officials are exempted by the doctrine of absolute privilege from all civil suits for damages arising out of false defamatory statements and even from statements motivated by malice, provided the statements are made in the course of the scope of the high official's authority or within his or her jurisdiction. *Montgomery; Rok v. Flaherty,* 106 Pa.Commonwealth Ct. 570, 527 A.2d 211 (1987), *appeal denied,* 517 Pa. 628, 538 A.2d 880 (1988). The courts have sought to strike a balance by declaring that the public interest does not demand that all public officials be entitled to absolute privilege, but that only 'high ranking officers' be so protected. *Montgomery; Rok.* The absolute privilege has as its purpose 'the protection of society's interest in the unfettered discharge of public business and in full public knowledge of the facts and conduct of such business.' *Montgomery,* 392 Pa. at 183, 140 A.2d at 103. 'Absolute [privilege] is thus a means of removing any inhibition which might deprive the public of the best service of its officers and agencies.' *Id.*

*Factor,* 149 Pa.Commonwealth Ct. at 85, 612 A.2d at 593.

■ A mayor and a borough council president are high public officials entitled to the absolute privilege described in *Factor.* Therefore, Kutzler and Reenock are entitled to the absolute privilege if the allegedly defamatory statements ascribed to them were made within the scope of their authority. As mayor and borough council president, Kutzler and Reenock may comment upon the qualifications of an individual applying for employment with the borough, especially for employment as a police officer.

Police protection is an area of policy-making which requires the exercise of wide discretion and sound judgment. It is an area in which the nature of the supervisor's decisions and actions cannot be measured against a predictable standard of care.

*Zdaniewicz v. Sands,* 288 Pa.Superior Ct. 420, 424, 432 A.2d 231, 234 (1981). The comment concerning Suppan flunking a psychological exam was made to Northampton police officers; whether or not the comment was true, it was made in connection with an application for employment with the borough and was within the scope of Kutzler's and Reenock's authority as mayor and borough

council president. Therefore, Kutzler, Reenock and the Borough are entitled to the absolute privilege reserved for high public officials. Thus, the trial court did not err in sustaining Defendants' preliminary objections to Count I.

B. *Count II—Breach of Confidence*

 The article in which the alleged confidential information was published contained a headline which referred to a job applicant other than Suppan: "Chief who sued Whitehall is up for police job." The body of the article contained the following information on Suppan: "Former Allentown Detective Richard Suppan, who left that force for another job but returned to Allentown as a patrolman is also among the finalists, [Borough Manager] Zarayko said." (R.R. at 20a.)

We agree with the trial court that the complaint contains no averment that the Borough revealed any confidential information. The Borough Code provides that "the names and grades of persons who pass the Civil Service exam shall be posted." Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46181. Therefore, the fact that Suppan sat for and passed the Civil Service exam was required to be a matter of public record. Disclosing such information cannot violate any duty of confidentiality because the information never was confidential in the first place.

Further, Suppan alleges that the Borough breached its duty of confidentiality by revealing that he is a member of the Allentown Police Department. This information is also a matter of public record. He is a *public* official. Revealing this public information could not breach any duty of confidentiality.

 Additionally, Suppan does not allege from whom he received any explicit or implicit guarantee of confidentiality. Without such information, the Borough would be unable to prepare a proper defense to this

action. *Philadelphia County Intermediate Unit No. 26 v. Department of Education,* 60 Pa.Commonwealth Ct. 546, 432 A.2d 1121 (1981). Suppan has failed to plead this allegation with the requisite specificity. Therefore, the trial court was correct in sustaining the Defendants' preliminary objections to Count II.[4]

**Conclusion**

For the reasons set forth above, we affirm the order of the trial court sustaining Defendants' preliminary objections.

***ORDER***

**AND NOW,** this 13th day of June, 1995, the order of the Court of Common Pleas of Northampton County dated May 3, 1994 at Docket No. 1992–C–10525 is hereby affirmed.

---

4. It is apparent on the record that Suppan did not request leave to amend his complaint. A court may, on its own motion, permit amendment of a pleading. *Hall v. Acme Markets, Inc.,* 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987). The trial court chose not to do so here and we agree with that decision. Leave to amend a pleading is properly denied where, as here, the defects in the initial pleading are so substantial that an amendment would be futile. *Roach v. Port Authority of Allegheny County,* 380 Pa.Superior Ct. 28, 550 A.2d 1346 (1988); *Feingold v. Hill,* 360 Pa.Superior Ct. 539, 521 A.2d 33, *petition for allowance of appeal denied,* 515 Pa. 607, 529 A.2d 1081 (1987).