**David Y. MERRITT, Plaintiff,**

v.

**Kathleen M. HAWK, Bill Story, Michael B. Cooksey, M.L. McElmurry, G.L. Hershberger, Lee Green, Randy Stevens, Bradley Anderson, Lance Givens, C.R. Nicklin, A. Schiavone, Tom Smith, Cezar Gomez, Russell Rau, L.E. Fleming, E.J. Gallegos, M. Maness, Adam Holladay, John Hurley, J. Benevidas, K. Jones, United States of America and Bureau of Prisons, Defendants.**

No. CIV.A. 95–Z–2653.

United States District Court,
D. Colorado.

June 29, 2001.

David Y. Merritt, Florence, CO, pro se.

David C. Japha, David Japha Law Office, Denver, CO, for plaintiff.

Martha Ann Paluch, United States Attorney's Office, Mark S. Pestal, Denver, CO, for defendants.

## ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS

WEINSHIENK, Senior District Judge.

The matter before the Court is plaintiff's action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), initiated *pro se* on October 19, 1995, against several federal prison officials in their individual and official capacities, and against the United States Bureau of Prisons (BOP). He alleges violation of his rights under the First, Fifth and Eighth Amendments, retaliation against him for his exercise of his constitutional right of access to prison grievance procedures and to the courts, and related *Bivens* conspiracy claims. Plaintiff also asserts claims against the individual defendants under 42 U.S.C. §§ 1985 and 1986, and against the United States of America under the Federal Tort Claims Act. (FTCA), 28 U.S.C. §§ 2671–2680.

The specific motions before the Court are 1) Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment, filed February 13, 1998, 2) Plaintiff's Motion To Refuse Defs [sic] Motion To Dismiss ... Or Request Continuance Of Discovery, filed March 10, 1998, 3) Plaintiff's Cross Motion For Summary Judgment, filed March 19, 1998, 4) Certain Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment, filed July 8, 1998, and 5) Plaintiff's Motion For Preliminary Injunction, filed November 10, 1997, and reactivated on March 19, 1999. Pursuant to D.C.COLO.LR 72.4, this matter was referred to Magistrate Judge Patricia A. Coan, who filed a Recommendation on March 24, 2000. Defendants filed objections on June 12, 2000, and plaintiff filed objections on June 15, 2000.

The Court reviews the Recommendation of the Magistrate Judge *de novo*, pursuant to the standard articulated in 28 U.S.C. § 636(b)(1) for dispositive matters. Defendants' motions sought dismissal or, in the alternative, summary judgment, and plaintiff sought summary judgment. The Magistrate Judge dismissed some claims pursuant to Fed.R.Civ.P. 12(b)(6), and applied the Rule 56 standard for summary judgment to other claims.

■ Counsel was appointed for plaintiff on July 29, 1998. However, the operative pleading, the Fourth "Amended Civil Rights And Tort Action" Complaint, was filed on January 30, 1998, before plaintiff was represented by counsel. Therefore, the Court has construed plaintiff's complaint liberally under the 12(b)(6) standard for a *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Claims which are supported only by vague or conclusory allegations should be dismissed. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Although defendants have asserted a defense of qualified immunity, the Court of Appeals for the Tenth Circuit no longer applies a heightened pleading standard to the complaint in light of that defense. *Currier v. Doran,* 242 F.3d 905, 916 (10th Cir.2001) (based on the Supreme Court holding in *Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)). Accordingly, the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 917 (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ Summary judgment may be granted under Fed.R.Civ.P. 56 "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hall,* 935 F.2d at 1110. Defendants object that summary judgment should be granted to defendants where plaintiff has offered no evidence to support his allegations other than his Complaint. Plaintiff's Complaint and declarations have been sworn under penalty of perjury pursuant to 28 U.S.C. § 1746, and therefore the Magistrate Judge properly treated those documents as affidavits. *Green v. Branson,* 108 F.3d 1296, 1301, n. 1, 1302 (10th Cir.1997) (citing *Hall* at 1110). Furthermore, the record contains sworn affidavits and other documentation outside of plaintiff's complaint in support of his allegations.

■ Defendants attempt to parse the Fourth Amended Complaint into separate allegations by paragraph, contending that where plaintiff has not alleged properly the requisite retaliatory motive or malicious and sadistic intent within the paragraph, that allegation fails as vague or conclusory (Defendants' Objections pp 11–14). This is not the proper standard for construction of a pro se complaint. Plaintiff's allegations, liberally construed, should be viewed as a whole, not as separate and isolated paragraphs. *See Russell v. Oliver,* 552 F.2d 115, 116 (4th Cir.1977) (district court erred in granting summary judgment as to pro se prisoner's retaliation claim by viewing each allegation independently of the others); *Milhouse v. Carlson,* 652 F.2d 371, 373–74 (3d Cir.1981) (allegations of pro se complaint, viewed as a whole, supported conspiracy to discipline prisoner in retaliation for initiating civil rights action against officials).

Plaintiff's allegations, viewed as a whole, allege the following history: Plaintiff testified on behalf of the government against his own co-defendants and, in later actions,

against prison guards and inmates. In retaliation for that testimony he was labeled a "snitch," which placed him in danger of attack by other inmates. Plaintiff alleges that he was intentionally exposed by defendants to inmate enemies in retaliation for his testimony against the guards, both at USP Marion, and after his transfer to ADX Florence. Plaintiff responded to these attacks by seeking protective custody and, when his request was denied, instigating litigation. His decision to go to court opened him to further reprisals by defendants in the form of physical assault, false disciplinary reports, exposure to inmate enemies, thefts of property, deprivation of food, sleep, medical care, adequate clothing and shelter, fresh air and exercise, and repeated verbal threats and harassment.

As to plaintiff's failure to protect claim, plaintiff alleges this repeated scenario: defendant guards told other inmates plaintiff is a "snitch" in order to incite them to attack plaintiff. They then attempted to move him out of the protective environment of segregation in the Special Housing Unit (SHU) into open prison population, or to "populate" plaintiff, anticipating he would be attacked by inmate enemies, in retaliation for his ongoing resort to the courts for relief. Defendants also caused cell doors to open within the SHU, stating that plaintiff would be "accidentally" attacked by inmates if he continued to litigate or refused to "populate." When plaintiff believed he was in danger of imminent attack by inmate enemies, he would set off or break an overhead sprinkler in his cell, shout, use the intercom, or take some other action in an effort to call attention to his cell and to get protection. He then would be cited with an incident report for destruction of property or some other rule infraction.

Against this background of general allegations, when plaintiff alleges in one paragraph that he was assaulted for his refusal to populate, he is alleging a retaliatory motive. His description of continuing efforts by certain defendants to move him to open population combined with allegations of their efforts to incite inmates against him, and their statements that he will receive no protection because he "litigates too much" are sufficient to support a claim of retaliation in violation of his First Amendment right of access to the courts.

Although plaintiff's allegations of removal of property from his cell by defendants, strip searches, deprivation of fresh air and exercise, deprivation of medical care, and verbal threats and acts of harassment such as coughing on or spitting in his food may not be sufficient to state a conditions of confinement claim under the Eighth Amendment, or a claim under the Due Process clause, these allegations remain relevant to plaintiff's Retaliation claim. *See Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir.1990). Prison officials may not retaliate against or harass an inmate because of the inmates' exercise of his right of access to the courts, "even where the actions taken in retaliation would be otherwise permissible." *Id.* at 948 (citations omitted).

After considering this general background, the Court adopts and approves the recommendations of the Magistrate Judge as follows:

1) that defendants' motions for dismissal/summary judgment be granted as to specific defendants a) on the 42 U.S.C. § 1985(2) & (3) claims and related 42 U.S.C. § 1986 claim, b) on the Eighth Amendment claims of deprivation of food, fresh air and exercise, medical care, and unreasonable strip searches, c) on the Fifth Amendment due process claims based on deprivation of plaintiff's personal property and allegedly false disciplinary convictions, d) on the First Amendment

claim of denial of access to courts, and e) on the related *Bivens* conspiracy claims;

2) that plaintiff's Cross Motion For Summary Judgment be denied;

3) that plaintiff's motion for a preliminary injunction be denied;

4) that defendants' motions for dismissal/summary judgment be denied to specific defendants a) on the First Amendment claim of interference with the free exercise of his religion, b) on the Eighth Amendment claims of the use of excessive force, deprivation of sleep and deprivation of adequate clothing and shelter, and c) on the First Amendment Retaliation claim for exercising his right of access to courts.

The Court disagrees with certain parts of the Magistrate Judge's recommendation as to plaintiff's failure to protect claim, equal protection claim, and claim of supervisor liability, as discussed below. The parties' objections are also addressed below.

*Excessive Force:*

■ The Magistrate Judge found that three incidents of some defendants' use of physical force raised constitutional concerns: the October 13, 1995 description of plaintiff's arrival at ADX Florence (Complaint, ¶¶ 104–106), the August 28, 1996 description of plaintiff's return to ADX after a preliminary injunction hearing (Complaint ¶¶ 144–151), and the October 27, 1997 allegations that plaintiff was assaulted while being escorted back from the recreation area while in hand restraints (Complaint, ¶¶ 197–199). The Magistrate Judge correctly determined that there were material issues of genuine fact that preclude summary judgment as to defendants Givens, Gomez, Anderson, Schiavone, Green, Holladay, Maness and Benevidas on these claims.

■ Defendants' objection that plaintiff can show no significant physical injury is not dispositive. The core judicial inquiry for an Eighth Amendment excessive force claim, as defined by the Supreme Court, is found in *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986): whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. The standard is whether an "unnecessary and wanton infliction of pain" has occurred. *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Defendants' objection that *de minimis* injury is not actionable, citing the Fourth Circuit case *Taylor v. McDuffie,* 155 F.3d 479 (4th Cir.1998) as support, misapprehends the Supreme Court's standard. It is a *de minimis* application of force, not a *de minimis* injury, that fails to rise to the level of a constitutional violation under an excessive force inquiry. *See Hudson,* 503 U.S. at 9–10, 112 S.Ct. 995; *see also, Archuleta v. Marshall,* 221 F.3d 1351 (10th Cir.2000) (unpublished).

Defendants object that plaintiff has failed to allege defendants manifested a malicious or sadistic state of mind during these incidents. Plaintiff has alleged guards body-slammed him against walls and the floor, kicked, punched, and choked him, and slammed his head into walls, while he was handcuffed and when there was no emergency situation that would justify such an application of force. Plaintiff also described numerous racial and anti-semitic epithets directed at him during the alleged assaults, as well as statements that indicate he was assaulted to discourage ongoing litigation. These allegations are sufficient to allow a reasonable jury to infer defendants were acting with malicious and sadistic intent.

■ Contrary to defendants' contention in their objection, it is not necessary for plaintiff to identify which defendant landed which blow in an al-

leged assault to satisfy the requirement that they "directly participated" in the assault. Plaintiff has given detailed accounts of each incident and the defendants who were present, and these accounts are sufficient to allege defendants' direct participation. In fact, an allegation that a defendant guard simply stood by and observed a beating by other guards and failed to take action to stop it is sufficient, if true, to demonstrate an Eighth Amendment violation. *See, Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir.1994) (prison official may be liable for failure to intervene when watching another officer choke inmate); *see also, Sasa v. Zavaras,* 166 F.3d 1222 (10th Cir.1998) (unpublished).

■■■ The Court disagrees with the Magistrate Judge's characterization of the March 27, 1996 incident as a *de minimis* use of force. The relevant inquiry is whether the force applied was excessive under the circumstances, or malicious and sadistic. Plaintiff alleges he was taken, while handcuffed, from the lawroom, and that Anderson slammed and pinned him against the wall, then tripped him and lodged his knee in plaintiff's solar plexus while making threats because plaintiff was litigious. When plaintiff threatened to sue Anderson as well, he was lifted to his feet by the neck and then shaken, again with racist remarks and threats. Taken in the light most favorable to plaintiff, all of these allegations would amount to malicious and sadistic uses of force, since they were unnecessary to restrain plaintiff.

■■■ As to the related *Bivens* conspiracy claims, the Magistrate Judge found that there were genuine issues of material fact as to whether defendants Givens and Gomez acted in concert on October 13, 1995, whether defendants Anderson, Schiavone and Green acted in concert on August 28, 1996, and whether defendants Holladay, Maness and Benevidas acted in concert on October 27, 1997, to violate plaintiff's Eighth Amendment rights. Therefore, the Magistrate Judge recommended denying summary judgment on the related *Bivens* conspiracy claims as to defendants Givens, Gomez, Anderson, Schiavone, Green, Holladay, Maness, and Benevidas, and the Court agrees.

*Retaliation*

■■■ To support a claim of unconstitutional retaliation, plaintiff's complaint may not be conclusory. It must allege specific facts that show retaliation because of the exercise of prisoner's constitutional rights. *Frazier v. Dubois,* 922 F.2d 560, 562 n. 1 (10th Cir.1990). "[P]laintiff must produce evidence of improper motive, rather than relying upon allegations, to defeat a summary judgment motion." *Smith v. Maschner,* 899 F.2d 940, 948 n. 4 (10th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). This does not mean plaintiff must offer direct evidence to show motive. Because the ultimate fact of retaliation is about defendants' state of mind, it is particularly difficult to establish by direct evidence. Therefore, improper motive can be shown with circumstantial evidence, such as the close temporal proximity of the retaliatory act to the protected activity. *Maschner,* 899 F.2d at 948–49.

■■■ The Court agrees with the Magistrate Judge's conclusion that some allegations are too conclusory or vague to support a claim of unconstitutional retaliation. However, other allegations in the Complaint, accompanied by sworn affidavits by plaintiff and inmates Richard Kanode and Maulana Modibo Eusi, state specific facts sufficient to create genuine issues of material fact and to preclude summary judgment as to the following defendants:

Anderson, Schiavone, Green, Smith, Nicklin, Stevens, Hershberger, Gallegos, Holladay, Maness, Jones, Benevidas, Rau, Fleming, Gomez, Hurley and Smith. (Recommendation pp 52–55.) Furthermore, as noted above, allegations of improper use of restraints, deprivation of food, improper strip searches, deprivation of air and exercise, and theft and destruction of property that are insufficient to state a claim pursuant to the Eighth Amendment should be considered in light of plaintiff's retaliation claim.

*Equal Protection*

The Magistrate Judge determined that plaintiff's allegations were not sufficient to support a claim of violation of equal protection because she found plaintiff had not alleged he was treated differently from other similarly situated non-black or non-Jewish inmates. Instead, she concluded that plaintiff's allegations suggested that the alleged retaliatory actions were taken against him solely because of his recourse to the courts, not his race or religion.

The Eighth Circuit determined that a guard's racial epithets while he was threatening a prisoner "strongly suggest that the prisoner would have been treated differently had he not been black." *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986). The court also noted that "there was no provocation for the guard's action other than the prisoner's attempting to exercise his due-process and First Amendment right of access to the federal courts." *Id.* Then the court held that these allegations, if proved, supported both a First Amendment retaliation claim, and an Equal Protection claim.

 Here, plaintiff has described numerous racial and anti-semitic epithets aimed at him during alleged assaults. (Complaint ¶¶ 130, 138, 149, 195, 197 and 202; 1/29/99 Merritt Declaration ¶¶ 29, 34, 48, 49 and 51; 3/8/98 Merritt Declaration

¶¶ 35–37.) Plaintiff's allegations are sufficient to suggest he was treated differently than similarly situated inmates. Therefore, defendants' motions for summary judgment will be denied on plaintiff's Equal Protection claim against defendants Anderson, Holladay, Maness, Jones, Benevidas, Nicklin, Givens, Smith, Hurley, Rau, and Gallegos

*Conspiracy*

 Plaintiff has alleged conspiracy by defendants both under *Bivens*, related to his constitutional claims, and pursuant to 42 U.S.C. § 1985(2) and (3), stating claims based on retaliation, deterrence and a violation of equal protection. A claim of conspiracy requires plaintiff demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the defendants. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir.1994). Plaintiff need not offer direct evidence. Rather, conspiracy can be shown by a sequence of events from which a reasonable jury could infer there was a meeting of the minds. *See Adickes v. Kress & Co.*, 398 U.S. 144, 154, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, conclusory allegations that defendants acted "in concert," or "conspired" without specific factual allegations to support such assertions are insufficient. *Aniniba v. City of Aurora*, 994 F.Supp. 1293, 1298 (D.Colo.1998) (Miller, J.)

 Plaintiff objects to the Magistrate Judge's conclusion that allegations against Hershberger, Gallegos and Rau are insufficient to raise an inference of conspiracy, arguing that the Magistrate Judge rejected plaintiff's allegations merely because they were not supported by direct evidence. On the contrary, the Magistrate Judge recommended denial of summary judgment where there were factual assertions suggesting a sequence of events from

which a jury could infer defendants had conspired to punish plaintiff for his participation in specific court hearings. *See Adickes v. Kress & Co.*, 398 U.S. 144, 154, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Simple allegations that Hershberger, Gallegos and Rau "agreed to punish" or "agreed to intimidate" do not state any facts from which a jury could infer a conspiracy.

 The Court agrees with the Magistrate Judge's recommendation that summary judgment should not be granted to the following defendants for plaintiff's § 1985(2) claim that they conspired to retaliate against him for his testimony at the August 26 and 27, 1996 preliminary injunction hearing: Smith, Nicklin, Schiavone, Anderson and Green. However, the Court disagrees with the conclusion that allegations against Smith, Givens and Nicklin after the June 4, 1996, hearing do not support a conspiracy claim.

Plaintiff alleges that when he returned from the June 4, 1996, hearing, Smith asked him, "Why didn't you just stay out of that case," and walked away shaking his head, saying, "Just remember you started this shit." (Complaint ¶ 136.) Smith immediately "exchanged words" with Nicklin and Givens, who then told plaintiff he was "going to population." (*Id.*) When plaintiff threatened to set off a sprinkler head, Givens "slapped, punched, joked, jabbed and cursed" plaintiff while Nicklin watched. (*Id.*) Because it is understood from plaintiff's other allegations that the threat to send him to "population" was retaliatory given his status as an informant and given allegations guards had intentionally labeled him a snitch, this sequence of events is sufficient to raise an inference of a conspiracy to retaliate. Therefore, Givens' motion for summary judgment for the § 1985(2) conspiracy also should be denied.

*Failure to Protect*

 The Magistrate Judge recommended the Court grant defendants' motion for summary judgment as to plaintiff's claim of an Eighth Amendment violation based on defendants' failure to protect him from other inmates. In order to survive summary judgment for an Eighth Amendment "failure to protect" claim, plaintiff must allege facts sufficient for a reasonable jury to infer that defendants were deliberately indifferent when they had actual knowledge of a substantial risk of serious harm to plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, it is not necessary for the plaintiff to suffer an actual assault before obtaining relief under that standard. *Id.* at 845, 114 S.Ct. 1970.

 The Magistrate Judge's recommendation was based in part on indications that the SHU facility would never allow inmates access to each other, so that plaintiff had not demonstrated there was any "substantial risk of serious harm" despite his allegations about defendants' threats. Plaintiff asserts in his objection that this assumption is incorrect because he could be attacked in the hallway if an inmate's cell door opened while plaintiff was being escorted past in shackles.[1] Of greater concern to the Court are his allegations that defendants repeatedly sought to *remove* him from the more protective environment of the SHU in order to expose him to inmate attacks. (Complaint ¶¶ 113, 116, 119, 123, 129, 131, 138, 144–151, 179, 184, and 195; 1/29/99 Merritt Declaration, ¶¶ 9–15, 20 and 22.)

Plaintiff asserted that certain defendants informed other inmates of plaintiff's activity as an informant with the intention

---

1. Plaintiff alleged guards threatened to cause the doors to open as he was being escorted past in shackles to allow him to be attacked.

of inciting those inmates to attack plaintiff. Then, in subsequent paragraphs of his complaint he described a pattern of behavior in which defendants attempted to force him into the general population, knowing he would be attacked there, and urged him to "go out there and fuck some of them punks up and word'll get around that you're not to be fucked with" (Merritt Declaration 3/8/98 ¶ 35), or he asserts defendants assaulted him because plaintiff refused to leave the special housing unit, (SHU). In the context of earlier allegations about defendants' actual knowledge of the danger of attack, and their failure to respond to plaintiff's repeated requests for protection, these paragraphs are relevant to the question of deliberate indifference.

The Tenth Circuit has held that "labeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate." *Benefield v. McDowall,* 241 F.3d 1267, 1271 (10th Cir.2001). Defendants have denied plaintiff's allegations that he was labeled a snitch and that defendants repeatedly sought to force him "to populate" in order to harm him. Therefore, there remain genuine issues of material fact that preclude summary judgment as to plaintiff's Eighth Amendment claim of failure to protect as to defendants Anderson, Benevidas, Holladay, Maness, Jones, Gomez, Nicklin, Smith, Schiavone, Gallegos, Fleming, Rau, and Hurley

*Supervisor Liability*

The Magistrate Judge recommended a Rule 12(b)(6) dismissal of claims of constitutional violations based on supervisory liability against defendants Hershberger (former ADX Warden and currently a regional director for the BOP), Fleming (former ADX Assistant Warden), Story (former ADX Warden), Hurley (former ADX Warden), Gallegos (Assistant Warden), Rau (former ADX Captain), Nicklin (ADX Lieutenant), Schiavone (ADX Lieutenant), Smith (ADX Lieutenant), Gomez (ADX Lieutenant), and Benevidas (ADX Lieutenant) for failure to state a claim. The Magistrate Judge concluded that general allegations by plaintiff that wrongdoing was approved, authorized, condoned or encouraged by these defendants must be based on pure speculation because plaintiff was in a cell for 23–24 hours a day.

To establish a claim based on supervisory liability, plaintiff must demonstrate that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *See Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997). The Tenth Circuit has found such liability where a person in a position of responsibility knew or should have known of the misconduct, but failed to act to prevent future harm. *McClelland v. Facteau,* 610 F.2d 693, 697 (10th Cir.1979).

Plaintiff has made numerous specific allegations from which a reasonable jury could infer persons in positions of responsibility knew about, and approved, authorized, condoned or encouraged misconduct, including the following: He alleges he spoke to Rau, Fleming, and Gomez five different times about employee assaults for his litigation (Merritt Declaration 1/29/99). He asserts he reported the alleged assault by Givens on June 20, 1996 to Fleming and Rau the following day and was told "I deserved what I got and must've did something to provoke the attack." (Id.) When plaintiff replied, "I testified against Smith," he alleges he was told, "There you go." (Id.) He alleges that Story said he would not allow an investigation in spite of his knowledge of assaults by guards in retaliation for plaintiff's litigation, adding, "All my people are just doing their jobs ..." (Merritt Declaration 3/8/98); that when he told Hershberger

about the January 1996 attack by guard Allen, Hershberger responded with, "Tough luck," and informed plaintiff his problems would only get worse if he refused to "populate" (Id); that he told Hurley, Gallegos, Rau, Fleming, Gomez, Smith, and Schiavone about retaliatory actions, such as guards opening and closing cell doors, coughing and spitting on his food, and threats over the intercom, and he was repeatedly told he should "go to population" (Id); and that Hershberger told plaintiff he "would not be designated a protection case" even if he was assaulted a hundred times "because you litigate too much." (Id.)

 These are not general or conclusory allegations. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). Plaintiff has made allegations from which a reasonable juror could infer that defendants in a position of authority knew retaliatory actions were being taken against plaintiff and condoned those actions. Therefore, based on numerous allegations of supervisor liability, it is not appropriate to dismiss claims of unconstitutional retaliation as to Hershberger, Story, Hurley, Fleming, Gallegos, Rau, Schiavone, Smith, Gomez, and Benevidas; Eighth Amendment claims of failure to protect as to Hurley, Gallegos, Rau, Fleming, Gomez, Smith, Schiavone, and Hershberger; and Eighth Amendment Excessive Force claims as to Rau, Fleming, Gomez, Story, and Hershberger.

*Sleep Deprivation:*

 Defendants' objection to the Magistrate Judge's Recommendation as to their assertion of qualified immunity to plaintiff's sleep deprivation claim is overruled. Defendants' citation to *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir.1994) to counter the Magistrate Judge's findings regarding the clearly established weight of authority from other circuits is not applicable. *Lunsford* addressed loud noises as a potential constitutional violation, not the deprivation of sleep, which is considered a basic life necessity. Defendants Givens, Gomez, Nicklin, Rau, and Schiavone are not entitled to qualified immunity as to this claim.

*First Amendment Free Exercise of Religion*

Defendants object to the Recommendation as to plaintiff's free-exercise of religion claim because the Magistrate Judge considered a sworn declaration offered by plaintiff under a Rule 56 standard, rather than applying the standards for a Rule 12(b)(6) motion to dismiss. However, defendants brought their motion as a "Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment." The Magistrate Judge acted properly in considering this evidence and in ruling there were genuine issues of material fact, and therefore defendants' objections are overruled.

*Due Process*

 The Court agrees with the Magistrate Judge's reasoning in dismissing plaintiff's claim that he was denied procedural and substantive due process in connection with disciplinary convictions based on incident reports that were allegedly filed against him in order to punish him for litigating, or to discourage further litigation. (Recommendation pp. 24–27.) However, plaintiff's allegations of retaliatory motive for the allegedly false incident reports also state a claim for violation of his Fifth Amendment Due Process right of access to the courts, as well as his First Amendment right to petition the government for redress of grievances. *See Smith v. Maschner*, 899 F.2d 940, 947–48 (10th

Cir.1990)(citing *Cale v. Johnson,* 861 F.2d 943 (6th Cir.1988)) (issuing false misconduct charge can result in substantive due process violation). Therefore, plaintiff has stated a claim upon which relief may be granted both under the First Amendment and the Fifth Amendment Due Process clause. *See Id.* at 947–48

*Illinois defendants, and personal jurisdiction:*

 The Court agrees with the Magistrate Judge that Defendants Hawk, Cooksey (Warden at USP–Marion, Illinois) and McElmurry (disciplinary hearing officer at USP–Marion, Illinois) lack sufficient minimum contacts with Colorado to justify this Court's exercise of *in personam* jurisdiction over them. (Magistrate's Recommendation pp. 4–6.) A plaintiff need only make a prima facie showing of personal jurisdiction over a defendant to survive a defendant's motion to dismiss on that basis, if the court holds no evidentiary hearing. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir.1995). However, plaintiff has not alleged specific facts to make that prima facie showing. The specific allegations of wrongful acts by defendants Cooksey and McElmurry concern events that occurred in Illinois. Plaintiff's allegations of conspiracy between defendants in Colorado and Illinois which could constitute commission of a tortious act sufficient to support personal jurisdiction are too vague and conclusory to survive defendants' motion to dismiss. Accordingly, defendants Hawk, McElmurry and Cooksey will be dismissed from this action.

In conclusion, the following claims will proceed to trial: 1) FTCA claims against the United States; 2) 42 U.S.C. § 1985(2) retaliation and deterrence claims based on the June, 1996, and August 26 and 27, 1996, hearings, and related 42 U.S.C. § 1986 claims; 3) unconstitutional Retaliation claims, and related *Bivens* claims; 4) Eighth Amendment excessive force claims,

and related *Bivens* conspiracy claims; 5) the Eighth Amendment deprivation of sleep claim, and related *Bivens* conspiracy claim; 6) the Eighth Amendment deprivation of warmth claim, and related *Bivens* conspiracy claim; 7) the Eighth Amendment failure to protect claim; 8) the First Amendment interference with practice of religion claim, and related *Bivens* conspiracy claim; and 9) the Fifth Amendment Equal Protection claim. Accordingly, it is

ORDERED that Plaintiff's Cross Motion For Summary Judgment is denied. It is

FURTHER ORDERED that Plaintiff's Motion For Preliminary Injunction is denied. It is

FURTHER ORDERED that Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment, filed February 13, 1998, and Certain Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment, filed July 8, 1998, are granted in part and denied in part as follows:

1) Plaintiff's claims against the Bureau of Prisons and against defendants in their official capacity are dismissed for lack of subject matter jurisdiction, and the Bureau of Prisons is dismissed from this action;

2) Plaintiff's claims against defendants Hawk, Cooksey, and McElmurry are dismissed for lack of personal jurisdiction, and those defendants are dismissed from this action.

3) The motion to dismiss FTCA claims for lack of subject matter jurisdiction is denied;

4) Summary judgment is granted as to all defendants on plaintiff's claims that defendants violated his right of access to the courts; his Eighth Amendment conditions of confinement claims based on deprivation of outdoor recreation, food, and medical

care; his Fourth Amendment strip search claims; his Fifth Amendment procedural due process claims as to confiscation of his personal property and prison disciplinary proceedings;

5) The motion to dismiss and for summary judgment is denied as to defendants Nicklin, Anderson, Givens, Gomez, Rau, and Schiavone on plaintiff's Eighth Amendment deprivation of sleep claim, and related *Bivens* conspiracy claim, and is granted as to all other defendants;

6) The motion to dismiss and for summary judgment is denied as to defendants Benevidas, Holladay, Jones, Maness and Rau on plaintiff's Eighth Amendment deprivation of warm clothes and adequate shelter claim, and related *Bivens* conspiracy claim and is granted as to all other defendants;

7) The motion to dismiss and for summary judgment is denied as to defendants Givens, Gomez, Anderson, Schiavone, Green, Holladay, Maness and Benevidas on plaintiff's Eighth Amendment Excessive Force claims, and related *Bivens* conspiracy claims, and is granted as to all other defendants;

8) The motion to dismiss and for summary judgment is denied as to defendants Rau, Fleming, Gomez, Story, and Hershberger on plaintiff's Excessive Force claims based on supervisory liability.

9) The motion to dismiss and for summary judgment is denied as to defendants Hershberger, Rau, Anderson, Givens, Nicklin, Smith, Schiavone, and Gallegos on plaintiff's First Amendment Interference With the Exercise of Religion claim, and related *Bivens* conspiracy claim, and is granted as to all other defendants;

10) The motion to dismiss and for summary judgment is denied as to defendants Anderson, Benevidas, Holladay, Maness, Jones, Gomez, Nicklin, Smith, Schiavone, Gallegos, Fleming, Rau, and Hurley on

plaintiff's Eighth Amendment Failure to Protect claim and related *Bivens* conspiracy claim, and is granted as to all other defendants;

11) The motion to dismiss and for summary judgment is denied as to defendants Hurley, Gallegos, Rau, Fleming, Gomez, Smith, Schiavone, and Hershberger on plaintiff's Failure to Protect claim based on supervisory liability;

12) The motion to dismiss and for summary judgment is denied as to defendants Anderson, Story, Smith, Nicklin, Green, Schiavone, Stevens, Hershberger, Gallegos, Rau, Holladay, Maness, Jones, Benevidas, Stevens, Fleming, Gomez, Hurley, and Givens on plaintiff's Retaliation claims, and related *Bivens* conspiracy claims, and is granted as to defendant Hawk;

13) The motion to dismiss and for summary judgment is denied as to Hershberger, Story, Hurley, Fleming, Gallegos, Rau, Schiavone, Smith, Gomez, and Benevidas on plaintiff's Retaliation claims based on supervisory liability;

14) The motion to dismiss and for summary judgment is denied as to defendants Anderson, Holladay, Maness, Jones, Benevidas, Nicklin, Givens, Smith, Hurley, Rau, and Gallegos on plaintiff's Fifth Amendment Equal Protection claim, and is granted as to all other defendants.