# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Tucker,                                    :
                       Petitioner      :
                                     :
          v.                              :   No. 439 M.D. 2015
                                     :   Submitted: July 15, 2016
John E. Wetzel, Tanya Brandt,                   :
Randall S. Perry, Michael Bell,                 :
Supt. Harry, Deborah Alvord,                    :
                   Respondents    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: October 26, 2016**

Before this Court in our original jurisdiction are the preliminary objections in the nature of a demurrer filed by John E. Wetzel, Secretary, Tanya Brandt, Randall S. Perry, Michael Bell, Superintendent Harry and Deborah Alvord (Respondents) of the Department of Corrections (DOC) to an amended petition for review filed by Gary Tucker (Tucker), a state prison inmate representing himself. For the reasons set forth below, we sustain DOC's preliminary objections and dismiss the amended petition for review.

## I. Background

Tucker is currently incarcerated at the State Correctional Institution–Albion. According to a news clipping attached to Tucker's amended petition for review, he is serving a sentence of 45½ years to 97 years for attempted murder, robbery, and intimidation of a witness.

DOC maintains an administrative file on Tucker, which contains separation records. A separation is an internal DOC mechanism used to ensure that two or more inmates in its custody are not housed with or near each other for purposes of maintaining security. Dep't. Br. at 5 n.1. In this case, Tucker is separated from a co-defendant.

Tucker challenges his confinement to the extent his separation record contains an error. Am. Pet. for Review at ¶9. Specifically, Tucker alleges his separation record indicates he testified against his co-defendant, but he asserts the separation was entered erroneously. Am. Pet. for Review at ¶12. Tucker avers his complaint does not seek to challenge the separation itself, stating DOC "can keep the separation intact." Am. Pet. for Review at ¶9.[1] Referencing exhibits attached to his amended petition, Tucker avers he tried to correct the records through grievance proceedings, but he was unsuccessful.

Tucker avers that because of the false, inaccurate and misleading data in his file, he is now at risk of harm by being labeled a snitch, which is now causing "mental/psychological effects on the plaintiff …." Am. Pet. for Review at ¶14. His demand for relief seeks "Habeas corpus relief from the condition of confinement foisted upon him which places him at risk of serious bodily harm from the prisoners due to this factually false information …." Am. Pet. for Review

---

[1] To the extent Tucker challenges the fact he is separated from his co-defendant, "[i]t is well-settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). An inmate has no guarantee he will be incarcerated in a particular prison. Meachum v. Fano, 427 U.S. 226 (1976). Nor does an inmate have a reasonable expectation he will be housed within any particular cell within an institution. Neitzke v. Williams, 490 U.S. 319 (1989).

at 4.  In the alternative, he seeks declaratory relief "declaring the information in plaintiff['s] file to be false[,] inaccurate and misleading as well as slanderous and capable of placing the plaintiff at risk of serious bodily harm."  Id.

DOC filed preliminary objections in the nature of a demurrer seeking to dismiss Tucker's amended petition because he has not established a clear right to a court-ordered removal of a notation in DOC's separation records.  DOC further asserts Tucker does not allege any actual harm as a result of the internal separation records.  DOC's Br. at 6, 12.  Finally, DOC argues Tucker is not entitled to habeas corpus relief because he failed to allege conditions that violate the Eighth Amendment of the U.S. Constitution, which proscribes cruel and unusual punishment.

## II. Discussion

According to Pa.R.C.P. No. 1028(a)(4), preliminary objections may be filed for legal insufficiency of a pleading (demurrer).  Pa.R.C.P. No. 1028(a)(4).  In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom.  Aviles v. Dep't of Corr., 875 A.2d 1209 (Pa. Cmwlth. 2005).  However, conclusions of law and unjustified inferences are not so admitted.  Allen v. Dep't of Corr., 103 A.3d 365 (Pa. Cmwlth. 2014).  A demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged.  Id.; see also Doxsey v. Commonwealth, 674 A.2d 1173 (Pa. Cmwlth. 1996).

3

**Habeas Corpus Relief**

DOC focuses most of its argument on mandamus relief.[2] Briefly, DOC also argues that, although Tucker styled his complaint as seeking habeas corpus relief, he does not state a claim upon which such relief may be granted. Therefore, DOC argues, this claim should be dismissed.

The availability of habeas corpus in Pennsylvania is prescribed by statute. 42 Pa. C.S. §§6502-6503. Section 6502(a) of the Judicial Code provides: "Any judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose." 42 Pa. C.S. §6502. Section 6503 of the Judicial Code states as follows:

> **(a) General rule.**--Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
>
> **(b) Exception.**--Where a person is restrained by virtue of a sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa. C.S. §6503. Habeas corpus relief may be available to correct an unconstitutional condition of confinement, such as a condition which violates the Eighth Amendment "cruel and unusual punishment" clause. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997).

---

[2] Tucker's original petition for review was styled as seeking mandamus relief. DOC filed preliminary objections. In response, Tucker filed his amended petition, which dropped references to mandamus and incorporated habeas corpus claims.

4

In order to state a "failure to protect" claim which violates the Eighth Amendment, a plaintiff must plead his conditions of confinement posed a "substantial risk of serious harm" to his health and safety. Pearson v. Vaughn, 102 F. Supp. 2d 282, 290 (E.D. Pa. 2000). Eighth Amendment liability requires proof "that the deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting [the prisoner] to that deprivation." Griffin, 112 F.3d at 709 (internal citations omitted).

The deliberate indifference standard contains both an objective element and a subjective element. The former requires that the deprivation suffered by the prisoner be "objectively, 'sufficiently serious….'" Farmer v. Brennan, 511 U.S. 825, 834 (1994). As the United States Supreme Court explained in Farmer, to be sufficiently serious "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834. The subjective element requires that the officials act with a "sufficiently culpable state of mind." Id. In Farmer, the Court illuminated the nature of deliberate indifference as follows:

> We hold … that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837; see also Kretchmar v. Commonwealth, 831 A.2d 793 (Pa. Cmwlth. 2003).

5

Although our state courts have not yet dealt with an assertion of an unconstitutional confinement based on labeling an inmate a "snitch," various federal courts have addressed the issue. For example, the Fifth Circuit holds that labeling an inmate a snitch satisfies the Farmer standard, and constitutes deliberate indifference to the safety of that inmate. Benefield v. McDowall, 241 F.3d 1267 (5th Cir. 2001). Other circuit court holdings are not as definitive, but to some extent they recognize that labeling an inmate a snitch has the potential for harm and may violate constitutional guarantees. Id. (citing Reece v. Groose, 60 F.3d 487 (8th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Harmon v. Berry, 728 F.2d 1407 (11th Cir. 1984)).

A common factual situation that gives rise to the "failure to protect a snitch" claim is where prison personnel tell other inmates or allow them to learn that an inmate provided information to or cooperated with authorities, and the inmate is attacked or threatened by the other inmates. E.g., Robinson v. Danberg, 729 F. Supp. 2d 666 (D. Delaware 2010); Merritt v. Hawk, 153 F. Supp. 2d 1216 (D. Colo. 2001). There are numerous federal trial court cases that hold that the complaining inmate must allege and prove that he faced actual or imminent harm. E.g., Abney v. Jopp, 655 F. Supp. 2d 231 (W.D. N.Y. 2009); Pierre v. James, Civil Action No. 14-748-JJB-RLB, 2015 WL 4772158 (M.D. La. Aug. 12, 2015).

Within the context of the "snitch" line of cases, there are several glaring deficits in Tucker's amended petition. First and foremost, Tucker does not allege that DOC actors told other inmates that he was a snitch, or otherwise made information in his personnel file available to other inmates. Therefore, Tucker

6

fails to allege a causal relationship between DOC action and his fear of bodily injury.  See Robinson; Merritt.

Second, Tucker avers that DOC officials separated him from his co-defendant, who would be the person adversely affected by Tucker's alleged cooperation with authorities.  From this admission we must conclude that DOC officials were not indifferent to injury risks to Tucker.  To the contrary, DOC actors took steps to protect Tucker from his co-defendant.  Tucker fails to aver facts sufficient to satisfy the subjective "culpable state of mind" standard of Farmer.  There are no known cases that conclude such protective action nevertheless constitutes an Eighth Amendment failure to protect.

Third, Tucker does not aver any facts to support a conclusion that he faced actual or imminent harm.  More particularly, he does not aver that he was threatened, nor does he describe any situation during his confinement that could be viewed as "objectively, 'sufficiently serious ....'"  Kretchmar, 831 A.2d at 798 (citing Farmer 511 U.S. at 834).  Rather, Tucker's bodily injury averments are fact-free conclusions.  Thus, Tucker fails to aver facts sufficient to satisfy the objective standard of Farmer.  See Abney.

More generically, Tucker does not allege how he was deprived of humane conditions of confinement.  Consequently, Tucker failed to allege conditions that violate the Eighth Amendment.  Therefore, habeas corpus relief is not available here.  Rivera v. Pa. Dep't of Corr., 837 A.2d 525 (Pa. Super. 2003);

see also Commonwealth ex rel. Fortune v. Dragovich, 792 A.2d 1257 (Pa. Super. 2002).

## Declaratory Judgment

As an alternative remedy, Tucker requests this Court to declare "the information in plaintiff['s] file to be false[,] inaccurate and misleading as well as slanderous and capable of placing the plaintiff at risk of serious bodily harm." Am. Pet. for Review at 4. DOC does not respond to the request for declaratory relief in its brief.

Nevertheless, from the foregoing discussion it is clear that Tucker fails to state a claim for injury to a protected liberty interest in his reputation. This is because Tucker fails to allege publication of a defamatory statement by DOC actors to a third party.[3]

The redress provided for defamation under the substantive law of Pennsylvania is an action in tort. Sprague v. Walter, 543 A.2d 1078 (Pa. 1988). Pennsylvania law requires, as an essential element of defamation, that the falsehood be published. Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997). The communication must be expressed to a third party in order to be published. Davis v. Res. for Human Dev., Inc., 770 A.2d 353 (Pa. Super. 2001).

---

[3] We question whether an internal notation that an inmate testified against a co-defendant is capable of a defamatory meaning as a matter of law. Statements imputing commission of an indictable offense are capable of a defamatory meaning. Krochalis v. Ins. Co. of North America, 629 F. Supp. 1360 (E.D. Pa. 1985). However, no Pennsylvania court declares that statements that a person was available as a witness in the prosecution of another could be defamatory.

8

The plaintiff must allege to whom the statement was published. <u>Suppan v. Kratzer</u>, 660 A.2d 226 (Pa. Cmwlth. 1995). Tucker fails to satisfy these pleading requirements.

In our previous discussion we held that Tucker failed to set forth a claim for a violation of his Eighth Amendment protections against cruel and unusual punishment. We also hold that Tucker failed to state a claim for injury to his reputation. Tucker's amended petition for review does not suggest any other constitutional rights are implicated. In these circumstances, it is difficult to understand what declaratory relief may be available to Tucker.

More importantly, our holdings raise the question of whether we have jurisdiction to inquire further into this matter. Our Supreme Court's decision in <u>Bronson v. Central Office Review Committee</u>, 721 A.2d 357 (Pa. 1998) is instructive on the issue of our jurisdiction. <u>Bronson</u> involved confiscation of inmate civilian clothing. Our Supreme Court held the Commonwealth Court does not have <u>appellate</u> jurisdiction over inmate appeals of decisions by intra-prison disciplinary tribunals, such as grievance and misconduct appeals.

Pertinent here, the Supreme Court also held the Commonwealth Court usually does not have <u>original</u> jurisdiction over an inmate's petition for review after a grievance proceeding. The Court held that original jurisdiction is not available "in a case not involving constitutional rights not limited by [DOC]." <u>Id.</u> at 359. Noting that prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens, the Court concluded that an

9

attempt to color the confiscation as a constitutional deprivation would fail. "Unless 'an inmate can identify a personal or property interest … not limited by [DOC] regulations and which has been affected by a final decision of [DOC]' the decision is not an adjudication subject to the court's review." Id. (citation omitted).

Here, Tucker's filings in this Court's original jurisdiction were preceded by grievance proceedings through DOC which were not resolved to Tucker's satisfaction. In this Court, Tucker failed to state a claim for deprivation of his Eighth Amendment rights, he failed to state a claim for injury to his reputation, and he did not identify any other constitutional rights at issue. Pursuant to Bronson, we lack original jurisdiction to inquire further into this matter.[4]

For the reasons set forth above, we sustain the DOC's preliminary objections and dismiss Tucker's amended petition for review.

_____
ROBERT SIMPSON, Judge

_____

[4] Although DOC did not raise a challenge to this Court's jurisdiction, once the issue becomes apparent, this Court may raise the issue on its own. McCutcheon v. Phila. Elec. Co., 788 A.2d 345 (Pa. 2002) (a court's jurisdiction is a threshold issue that the court may consider of its own motion and at any time).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Tucker, :
              Petitioner :
           :
        v. : No. 439 M.D. 2015
           :
John E. Wetzel, Tanya Brandt, :
Randall S. Perry, Michael Bell, :
Supt. Harry, Deborah Alvord, :
          Respondents :

# **O R D E R**

**AND NOW**, this 26th day of October, 2016, the preliminary objections filed by Respondents, John E. Wetzel, Tanya Brandt, Randall S. Perry, Michael Bell, Supt. Harry, and Deborah Alvord are **SUSTAINED** and the amended petition for review filed by Gary Tucker is **DISMISSED**.

 

_____
ROBERT SIMPSON, Judge